UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

IN RE FELIX BURGOS                :            Civil No. 3:04cv2199 (PCD)

### RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

Appellant, Felix Burgos, appeals *pro se*[1] from the ruling of the United States Bankruptcy Court for the District of Connecticut denying his motion to alter/amend factual findings on remand. This Court ordered both parties to file cross-motions for summary judgment. For the reasons set forth herein, Appellant's Motion for Summary Judgment [Doc. No. 8] is **denied** and Appellee's Cross-Motion for Summary Judgment [Doc. No. 10] is **granted**.

**I.     BACKGROUND**

On September 27, 2000, a judgment entered in the Superior Court of Connecticut, granting a Summary Process Execution for Possession of 1312 State Street, Bridgeport, Connecticut (the "property") in favor of the West End Community Development Corporation, an agency of the City of Bridgeport, and against "Iglesia Christiana" and "John Doe a/k/a Felix Burgos" (Appellant). An attached letter from Sheriff Robert Zwierlein stated: "Attached are eviction papers. You must contact me prior to the date: Tuesday, October 10, 2000 as it is imperative that arrangements be made for you to move your belongings." Appellant contacted Sheriff Zwierlein on October 9, 2000 and notified him of Appellant's "imminent filing" for bankruptcy, contemplated to be on October 10, 2000.[2] Appellant also posted 8 ½" x 11" notices on the three front entrances to the property announcing the October 10, 2000 bankruptcy filing.

---

[1]   Appellant's appeal is construed under the liberal standard afforded *pro se* submissions. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

[2]   Appellant correctly noted that October 9, 2000 was a legal holiday.

The Bankruptcy Court found—and Appellant acknowledged on the record before that court—that no valid lease authorized his occupancy of the premises.[3]  Appellant concedes that the sheriff arrived at his building in order to execute the eviction on the morning of October 10, 2000, prior to his filing for bankruptcy in the Bankruptcy Court.  The Bankruptcy Court adopted the state court's finding that the eviction was executed on October 10, 2000 at 8:30 a.m. and that Appellant filed his chapter 11 bankruptcy petition at 9:33 a.m. on that same day.  The eviction ordered by the state court was subsequently completed.

On October 12, 2000, Appellant filed a Motion to Enforce Automatic Stay in the United States Bankruptcy Court for the District of Connecticut.  That court determined the central issue in that proceeding to be "whether the automatic stay, see 11 U.S.C. § 362, nullified the eviction," and found the automatic stay inapplicable to the execution of the order of eviction from the property on the ground that the automatic stay was not in effect at the time of eviction because the eviction preceded the filing of the bankruptcy petition. In re Felix Burgos, 263 B.R. 698 (Bankr. D. Conn. 2001).  That ruling was appealed. This Court dismissed the appeal as moot, having been notified that the subject property had been razed and with the understanding that Appellant sought no remedy other than a return of possession of the subject property. In re Felix Burgos, No. 3:01cv1443 (PCD), Doc. No. 12 (D. Conn. Sept. 12, 2002).  On reconsideration, this Court construed Appellant's claim as one for damages, and thus vacated its prior order denying the case as moot.  The Court affirmed the Bankruptcy Court's finding that the automatic stay

---

[3] In an August 3, 2004 proceeding in Bankruptcy Court, Appellant asserted that he was not a squatter, but had an oral month-to-month tenancy with the City of Bridgeport. (Bankr. Trans. at 10:1-11:6, Aug. 3, 2004, Doc. No. 13.)  In a prior hearing in Bankruptcy Court, Appellant had conceded that his occupancy of the property was unauthorized. (Bankr. Trans. at 3:22:03, June 11, 2001.)  Because a resolution of this factual issue will not impact this Court's decision on this appeal, it is unnecessary to determine which factual scenario is correct.

2

became effective at the time the petition was filed, but held that the Bankruptcy Court improperly accorded preclusive effect to the state court ruling.[4]  Accordingly, this Court vacated its prior ruling, affirmed in part the order of the Bankruptcy Court, and remanded the matter "for a determination as to the validity of the state court judgment ordering eviction" since that issue "is central to a determination of whether the automatic stay was in effect at the time the owner entered the property." In re Felix Burgos, No. 3:01cv1443 (PCD), 2002 U.S. Dist. LEXIS 26515 (D. Conn. Oct. 28, 2002).[5]

On remand, the Bankruptcy Court found that the state court judgment was entitled to preclusive effect under Connecticut law. In re Felix Burgos, 294 B.R. 210 (Bankr. D. Conn. 2003).  In so holding, the court noted the following factual findings and reasoned as follows:

> A copy of the state court record . . . discloses that [sic] the following events. The City filed an August 17, 2000 notice to quit and an August 29, 2000 complaint which alleged that it had acquired the property by eminent domain. The debtor responded by filing a September 12, 2000 request for exemption, but the motion was denied for failure to prosecute.  The state court record also discloses that the debtor failed to file an answer to the complaint.  A September 27, 2000 default and judgment for possession entered against the debtor and in favor of the City, and a writ of execution issued on October 4, 2000, which was satisfied by an October 10 eviction.  A state court docket entry dated October 11, 2000, reflects the debtor's post-state court judgment, post-eviction, and post-bankruptcy petition request for a writ of audita querela.  The debtor abandoned that attempted equitable judicial review.

---

[4]  The Bankruptcy Court accorded preclusive effect, on the issue of possession, to the state court judgment granting possession of the property to the City of Bridgeport. See In re Felix Burgos, 263 B.R. at 698 (citing State of New York v. Sokol (In re Sokol), 113 F.3d 303, 306 (2d Cir. 1997)).

[5]  In remanding the case, this Court further ordered: "If the state court judgment is not accorded preclusive effect, then a determination shall be made as to whether possession of the property in which appellant had an interest was obtained in a manner consistent with the laws of Connecticut and prior to the time of filing of the bankruptcy petition.  If possession was not perfected prior to the time of filing, the court must address appellant's claim for damages for violation of the automatic stay." In re Felix Burgos, 2002 U.S. Dist. LEXIS 26515, *7-8.

3

> Based on the debtor's participation in those proceedings, it is apparent the debtor had a full and fair opportunity to answer the City's complaint and defend his claim that the eminent domain proceeding was flawed and that he neglected to do so. Therefore, under the authority of [Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 717-18, 627 A.2d 374 (1933)], the judgment of eviction was entitled to preclusive effect under the Connecticut law of collateral estoppel.

Id. at 212-13 (footnotes and citations omitted). Following that ruling, Appellant filed a number of motions, including motions: (1) to alter/amend finding of facts on remand; (2) to establish legality of entry by city; (3) to establish true entry time of city into building; (4) for hearing to establish city failed to have legal possession by their illegal entry into the building; (5) for reconsideration; and (6) for order of applicability of automatic stay. A review of the record indicates that these motions were filed on June 30, 2003, denied after an August 3, 2004 hearing, and then re-filed, in the same or similar form, on June 4, 2004. The motions filed on June 4, 2004 were denied on November 22, 2004 "for the reasons set forth on the record at the hearing held in [Bankruptcy Court] on August 3, 2004." Appellant comes before this Court to appeal the Bankruptcy Court order denying his motion to alter/amend finding of facts on remand.

**II.     STANDARD OF REVIEW**

In reviewing the bankruptcy court's decision, the Court is obliged to "review [its] factual determinations for clear error and its legal conclusions de novo." MBNA Am. Bank, N.A. v. Hill, 436 F.3d 104, 107 (2d Cir. 2006) (citing In re U.S. Lines, Inc., 197 F.3d 631, 640-41 (2d Cir. 1999)); In re Petition of Bd. of Dirs. of Hopewell Int'l Ins. Ltd., 275 B.R. 699, 703-04 (Bankr. S.D.N.Y. 2002) ("The district court must accept the bankruptcy court's findings of fact, unless

such findings are clearly erroneous"); FED. R. BANK. P. 8013.[6]

## III.  DISCUSSION

Appellant argues that the order of the Bankruptcy Court should be reversed because it failed to alter or amend allegedly improper factual findings on remand.[7]  Appellee responds that these arguments are without merit.  Review here is limited to the Bankruptcy Court's allegedly erroneous factual findings and its failure to alter or amend those findings on remand.  Appellant made this argument in his initial appeal to this Court, and it was found at that time to be without merit.[8]

Appellant argued in the Bankruptcy Court, and argues on appeal here, that the Bankruptcy Court should have found that the City of Bridgeport entered the subject property illegally and/or

---

[6]  Federal Rule of Bankruptcy Procedure 8013 provides: "On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."

[7]  Appellant initially failed to designate or include a transcript of the August 3, 2004 proceedings before the Bankruptcy Court, as he is obliged to do and as he was told to do by this Court in his prior appeal. See FED. R. BANKR. P. 8006; In re Felix Burgos, 2002 U.S. Dist. LEXIS 26515, at *3-4 (citing Frostbaum v. Ochs, 277 B.R. 470, 473 n.1 (E.D.N.Y. 2002) ("it is the appellant's obligation to supply any part of the lower proceedings transcript which is necessary to the adjudication of his claim on appeal"); John P. Maguire & Co., Inc. v. Sapir (In re Candor Diamond Corp.), 26 B.R. 844, 846 (Bankr. S.D.N.Y. 1983) ("the record on appeal should contain the documentation necessary to afford the reviewing court a complete understanding of the case")).  Because Appellant is proceeding *pro se*, however, this Court issued an order directing Appellant to file a transcript of the August 3, 2004 proceeding in Bankruptcy Court on or before December 22, 2006.  Appellant filed the transcript in compliance with that order on December 13, 2006.

[8]  Specifically, this Court found that "Appellant's argument that the Bankruptcy Court made erroneous factual findings as to the time the owner obtained possession of the building and the number of units occupied at the time is wholly unsupported by the record." In re Felix Burgos, 2002 U.S. Dist. LEXIS 26515, at *3.  In so holding, the Court found that (1) Appellant failed to designate or include a transcript of the proceedings before the Bankruptcy Court, as he is obliged to do pursuant to Federal Rule of Bankruptcy Procedure 8006 and (2) even if transcripts had been provided, Appellant conceded in his brief that the sheriff accessed his apartment prior to 8:30 a.m. and that he filed his chapter 11 petition at 9:33 a.m. on that same day. Id. at *3-4.

that the eviction was not proper.  The Bankruptcy Court found as a matter of law, however, that the state court's judgment of eviction was entitled to preclusive effect. In re Felix Burgos, 294 B.R. at 213.  Appellant has not shown that this finding was improper.  The Bankruptcy Court also found, and Appellant admits, that the sheriff accessed the property (i.e., the eviction occurred) prior to the time at which Appellant filed his chapter 11 petition. See In re Felix Burgos, 263 B.R. at 698-99; see also Bankr. Trans. at 13:13-18; Appellant's Br. 32.[9]  Based on these findings, the Bankruptcy Court properly found that the automatic stay, which does not apply retroactively, did not apply to the order of eviction.[10] See In re Felix Burgos, 263 B.R. at 699-700; In re Felix Burgos, 294 B.R. at 213; Bankr. Trans. at 21:23-24.  Appellant sought, in the hearing on his motion to alter/amend finding of facts on remand, to have the Bankruptcy Court rule on the issue of whether the City of Bridgeport entered the property legally or illegally. (See Bankr. Trans. at 9:13-17.)  This issue, however, was already decided by the State Court in favor of the City of Bridgeport, and that judgment was given preclusive effect in this case.  As such, the Bankruptcy Court properly declined to consider the issue.

Moreover, the case was remanded only for the purpose of "a determination as to the validity of the state court judgment ordering eviction." In re Felix Burgos, 2002 U.S. Dist. LEXIS 26515 at *7.  This Court ordered the Bankruptcy Court to make "a determination . . . as to

---

[9] In his brief, Appellant concedes that the sheriff "attempted at 8:30 a.m. to enter 1312 State Street." (Appellant's Br. 32.)  Appellant's chapter 11 petition was not filed until 9:33 a.m. on that same day.

[10] As this Court already found on Appellant's prior appeal, a bankruptcy stay "is effective immediately upon the filing of the petition . . . and any proceedings or actions described in section 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect . . . ." Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 527 (2d Cir. 1994) (emphasis added; citations omitted).  The automatic stay did not become effective until Appellant filed his chapter 11 petition at 9:33 a.m., *after* the eviction proceeding had commenced.  Therefore, the stay has no bearing on the execution of the order of eviction.

whether possession of the property in which appellant had an interest was obtained in a manner consistent with the laws of Connecticut and prior to the time of filing of the bankruptcy petition" *only* if that court found that "the state court judgment is not accorded preclusive effect." Id. at *7-8.  Having found that the state court judgment is entitled to preclusive effect, there was no need for the Bankruptcy Court to address the issue of whether possession of the property was legally obtained.

IV.    **CONCLUSION**

For the foregoing reasons, Appellant's Motion for Summary Judgment [Doc. No. 8] is **denied** and Appellee's Cross-Motion for Summary Judgment [Doc. No. 10] is **granted**. Appellant's appeal of the decision of the Bankruptcy Court denying his motion to alter/amend finding of facts on remand is dismissed and the Clerk shall close the case.

SO ORDERED.

Dated at New Haven, Connecticut, December  18 , 2006.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court